NOT DESIGNATED FOR PUBLICATION

No. 114,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON LEE TODD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 9, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: This is an appeal by Brandon Lee Todd from his conviction for driving under the influence of alcohol (DUI) arising from a trial to the court based upon stipulated facts. We affirm his conviction due to the good-faith exception to the exclusionary rule.

Todd was arrested on suspicion of DUI by Reno County authorities after he was stopped for speeding. He agreed to submit to breath-alcohol testing after hearing and reading the implied consent advisories. Both parties agreed that there was probable cause

1

for the arrest, that the officer did not attempt to obtain a warrant prior to requesting a breath-alcohol test, and that Todd's blood-alcohol content exceeded the legal limit.

Prior to his trial, Todd moved to have the breath-alcohol test excluded from evidence on the basis that it was procured during an unlawful search and seizure. The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The district court denied the motion to suppress, found Todd guilty, and duly sentenced him. Todd appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, and held consent given on threat of the criminal prosecution under K.S.A. 2016 Supp. 8-1025 was invalid in *Nece II*, 306 Kan. at 681. These conclusions render Todd's consent in this case legally tainted.

We asked for supplemental briefing in light of our Supreme Court's opinions in *Ryce II* and *Nece II*. The State responded by arguing that the good-faith exception to the exclusionary rule should apply. Todd contends that the exception may not be raised for the first time on appeal or, in the alternative, that the exclusionary rule does not apply to these facts. We agree with the State.

"As a general rule, matters not raised before the district court cannot be raised for the first time on appeal." *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Kansas courts, however, recognize three exceptions to this rule. *State v. Jones*, 302 Kan. 111, 117, 351 P.3d 1228 (2015).

"A new legal theory may be asserted for the first time on appeal if: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent a denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite relying on the wrong ground or assigning a wrong reason for its decision." 302 Kan. at 117.

Whether it is appropriate to suppress evidence from an unlawful search is a question of law. *State v. Daniel*, 291 Kan. 491, 496, 242 P.3d 1186 (2010). Because this is a pure question of law based on stipulated facts and is determinative of the case, we may consider the applicability of the good-faith exception for the first time on appeal. *State v. Schmidt*, 53 Kan. App. 2d 225, 233, 385 P.3d 936 (2016), *rev. denied* 306 Kan. 1329 (2017).

In its present factual and legal posture, this case presents precisely the same controlling issue bearing on the application of the good-faith exception that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449 filed March 2, 2018). We find the reasoning and result in *Perkins* on the point persuasive. We, therefore, affirm the district court's denial of Todd's motion to suppress because the arresting officer relied in good faith on K.S.A. 2014 Supp. 8-1025, before it was declared unconstitutional, to inform Todd about the legal consequences of declining to take the test. In turn, we affirm Todd's conviction and sentence.

Affirmed.